Filed 3/13/24  P. v. Hurst CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>PATRICK DORIEN HURST,<br><br>     Defendant and Appellant. | D081990<br><br><br><br>(Super. Ct. No. SCD287570) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The People in a second amended information charged Patrick Dorien Hurst with robbery (Pen. Code,[1] § 211; count 1) and alleged that under the "Three Strikes" law he had suffered a serious felony prior (§§ 667, subd. (a)(1), 668, 1192.7, subd. (c)) and two strike priors (§§ 211, 667, subds. (b)-(i),

---

[1]     Undesignated statutory references are to the Penal Code.

668, 1170.12). The People also alleged as aggravating circumstances that Hurst had served a prior prison term (California Rules of Court, rule 4.421(b)(3)) and his performance was unsatisfactory while on probation or parole (California Rules of Court, rule 4.421(b)(5)).

The jury convicted Hurst of robbery, and found true the allegations under the Three Strikes law as well as the aggravating circumstances.

The court sentenced Hurst to the upper term of five years on count 1, struck the two strike priors under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and struck the serious felony prior because Hurst committed it as a juvenile.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has been unable to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Hurst the opportunity to file his own brief on appeal. He responded with a one-paragraph note that does not include any substantive legal argument: "My name is Patrick Dorian Hurst. The attorney that represented me on [a]ppeal is Richard Jay Moller. Right now I am claiming inaffective [*sic*] assistance of counsel due to him currently being on vacation in Hawaii, and rushing through my case and filing a *Wende* brief. I recently had a hip replacement surgery on 10/24/23. I have issues that need to be addressed."

FACTUAL BACKGROUND

At one point, the court granted Hurst's motion to represent himself under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*). It later granted his motion seeking appointment of counsel.

On August 29, 2022, the day before trial began, the court granted Hurst's renewed request to represent himself.

2

At trial, a female manager who was working alone at a gym testified that in 2020, Hurst entered the gym and she asked if she could help him. Hurst did not respond but approached an area where merchandise was displayed for sale, including headphones and gloves. Hurst ripped a pair of headphones from its lock, and took a pair of gloves and put them on his lap. The manager urged Hurst to return the items and promised not to call the police. Hurst refused, sat in his wheelchair, and pushed it against her body while attempting to leave. Hurst told her, "Move, bitch, or I will fucking move you myself." He exited the gym.

The manager called police, who arrived shortly afterwards, recovered the merchandise, and detained Hurst. Minutes later, the manager identified Hurst in a curbside lineup.

Much of the incident was caught on videotape and played for the jury.

DISCUSSION

Appellate counsel in his *Wende* brief asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified one possible issue in evaluating the potential merits of this appeal: Whether the trial court erred in granting Hurst his right to represent himself the day before trial began. This issue has no arguable merit.

Hurst represented himself under *Faretta, supra,* 422 U.S. 806 after he filled out a form entitled "Acknowledgement Regarding Self-Representation of Waiver of Right to Counsel," and after the court reviewed the *Faretta* waiver form with Hurst. The court explained the disadvantages of self-

3

representation and urged Hurst to allow trial counsel to continue to represent him. Hurst insisted on representing himself.[2]

Defendants have a constitutional right to defend themselves if they elect to do so in a timely, unequivocal, voluntary, knowing, and intelligent fashion. (*Faretta, supra,* 422 U.S. 806, 834-836.) "On appeal, we independently examine the entire record to determine whether the defendant knowingly and intelligently waived the right to counsel." (*People v. Burgener* (2009) 46 Cal.4th 231, 241.) " 'Courts must indulge every reasonable inference against waiver of the right to counsel.' " (*People v. Koontz* (2002) 27 Cal.4th 1041, 1069.) Review is not limited to the transcript of the hearing for the *Faretta* motion. (*Koontz,* at p. 1070.) Our review includes proceedings that occurred after the purported invocation of the right of self-representation. (*People v. Marshall* (1997) 15 Cal.4th 1, 24.) We conclude the court did not err in granting Hurst his constitutional right to represent himself.

Under *People v. Kelley* (2006) 40 Cal.4th 106, 120-121, we interpret Hurst's note as asserting an ineffective assistance of counsel claim. To

---

2    In part of a colloquy with Hurst, the court probed whether Hurst was knowingly electing to represent himself:

"[The court]: Mr. Hurst, do you want to go ahead and represent yourself then?

"[Hurst]: Yes.

"[The court]: Any doubts in your mind if you are doing the right thing for yourself?

"[Hurst]: No.

"[The court]: And you understand that I disagree with you? I think you are doing a very foolish thing, but the law says you can do it, if you would like to, and you understand my position, correct?

"[Hurst]: Yes.

"[The court]: All right. Good enough. Counsel, thank you very much. I will relieve you[.]"

4

establish such a claim, a defendant has the burden of demonstrating that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms and he or she was prejudiced by that deficiency.  (*People v. Lopez* (2008) 42 Cal.4th 960, 966.)  We conclude Hurst has failed to carry his burden to establish that his appellate counsel provided ineffective assistance by filing a *Wende* brief.  To the contrary, we have reviewed the entire record as required by *Wende, supra,* 25 Cal.3d 436 and *Anders, supra,* 386 U.S. 738, and have not discovered any arguable issues for reversal on appeal.  We also conclude competent counsel has represented Hurst in this appeal.

DISPOSITION

The judgment is affirmed.


O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.

5